UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FERNANDO LEON ALVAREZ,

Petitioner,

v.

JULIO HERNANDEZ ET AL,

Respondent.

Case No. 2:26-cv-02207-TLF

ORDER

The Court interprets petitioner Fernando Leon Alvarez's traverse (Dkt. 7) as raising new claims under the Fifth Amendment's Due Process Clause.

Although petitioner did not expressly plead an independent Fifth Amendment claim in his petition, the petition arguably begins to articulate a substantive due process claim by stating:

> "To be constitutional, civil immigration detention must be non-punitive. *Zadvydas v. Davis*, 533 U.S. 678, 690-92 (2001). The government may not detain a noncitizen unless needed to prevent flight or danger to society. *Id.* Due process requires both that immigration detention be "'reasonabl[y] relat[ed]'" to its purposes of preventing flight and danger to the community, and that it be accompanied by adequate procedures to ensure those purposes are met. *Id.* at 690-91 (citation omitted); *accord Demore v. Kim*, 538 U.S. 510, 527 (2003)."

Dkt. 1 at 15.

However, the petition itself expressly alleges violations of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Fourth Amendment, and the *Castanon Nava* consent decree in *Castanon Nava v. Dep't of*

*Homeland Sec.*, 806 F. Supp. 3d 823 (N.D. Ill. 2025), *aff'd in part sub nom. Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). It does not assert an independent claim for relief under the Fifth Amendment.

In the traverse, however, petitioner states that the core of his habeas petition includes violations of the "Due Process requirements of the U.S. Constitution." Dkt. 7 at 4. Petitioner argues that "he was arrested unlawfully, in violation of the Constitution, statutes, and regulations, and as a result he should be released." *Id.* The traverse further contends that petitioner's detention violates both the Fourth and Fifth Amendments, invoking the Fifth Amendment as an independent basis for relief for the first time in the pleadings, noting that [procedural] due process requires notice and "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Dkt. 7 at 8 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)),

Generally, the traverse "is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). "In order for the [government] to be properly advised of additional claims, they should be presented in an amended petition, or ... in a statement of additional grounds." *Cacoperdo,* 37 F.3d at 507*.*

However, a district court "has discretion, but is not required to" consider evidence and claims raised for the first time after the filing of the petition. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). This includes new claims raised by a petitioner in the traverse. *See, e.g.*, *Jackson v.*

*Roe*, 425 F.3d 654, 655 n.1 (9th Cir. 2005) (noting magistrate judge's consideration of new claim raised for first time in traverse).

The Court exercises its discretion to consider Fifth Amendment due process claims raised in the petition and in the traverse, and construes the petitioner's pleadings as asserting both procedural and substantive due process claims under the Fifth Amendment. The Court requires more clarity in the briefing, and Orders:

- Petitioner shall file a supplemental brief, limited to his Fifth Amendment Due Process claims, within seven days of this Order -- on or before August 5th, 2026.
- Respondents shall file a response, limited to responding to the petitioner's supplemental brief, no later than the earlier of: (1) seven days after petitioner files the supplemental brief or (2) August 12, 2026.
- The Court is not ordering any reply or surreply, and the Clerk of Court is directed to note this case for the Court's consideration on August 13, 2026.

…

Dated this 30th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge